

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

MIDDLESEX COUNTY, ss.                    SUPERIOR COURT
                                         CIVIL ACTION NO.: 2181CV02017

MELODIE MANOLOPOULOS,
        Plaintiff,

v.

DUN AND BRADSTREET.
        Defendant,

GLENN HUDOCK,
        Defendant,

TOM MCEVOY,
        Defendant,

ARLENE FOSKO,
        Defendant.

## PLAINTIFF'S COMPLAINT AND DEMAND FOR A JURY TRIAL

## PARTIES

1. Plaintiff, Melodie Manolopoulos, is an individual currently residing in Melrose, Middlesex County, MA.

2. Defendant, Dun and Bradstreet ("D&B"), is a Massachusetts business entity located at 610 Lincoln St., Waltham, MA 02451, Middlesex County, MA.

3. Defendant, Glenn Hudock, is an employee of Dun and Bradstreet at 610 Lincoln St., Waltham, MA 02451, Middlesex County, MA.

4. Tom McEvoy, is an employee of Dun and Bradstreet at 610 Lincoln St., Waltham, MA 02451, Middlesex County, MA.

Law Office of Justin M. Murphy
One Boston Place • Suite 2600 · Boston, MA 02108
t (617) 921-8932
jmurphy@murphycounsel.com
BBO# 678142

5. Defendant, Arlene Fosko, is an employee of Dun and Bradstreet at 610 Lincoln St., Waltham, MA 02451, Middlesex County, MA.

## JURISDICTION / PRIOR PROCEEDINGS

6.   On September 27, 2020, the Plaintiff filed a discrimination complaint with the Massachusetts Commission Against Discrimination ("MCAD") on the basis of Sex/Gender/Pregnancy Discrimination as well as a separate and distinct charge of retaliation in violation of M.G.L. c. 151 B, s. 4 paragraphs (1), (4), and Title VII, as amended.

7.  On November 25, 2020, the Massachusetts Attorney General's Office authorized the Plaintiff to pursue a private right of action against Defendant Dun & Bradstreet under MGL 149, s. 150, and Chapter 151 ss. 1B and 20.

8.  On January 25, 2021, the Plaintiff filed a Motion to 1) Amend the Complaint to include Defendant, Tom McEvoy, Arlene Fosko, and the Dun and Bradstreet Plan Administration Committee [not named herein]; and 2) amplify and clarify existing allegations of discrimination and retaliation.

9. On May 7, 2021, MCAD granted the Plaintiff's January 25, 2021 Motion to Amend.

10. On May 10, 2021, the Plaintiff filed a Certificate of Withdrawal of the MCAD Complaint.

11. On May 10, 2021, pursuant to 804 CMR 1.08(1)(b)(2020), MCAD dismissed the Plaintiff's Complaint, after being withdrawn pursuant to 804 CMR 1.04(12)(2020).

12. On September 15, 2021, the Plaintiff filed this complaint in Middlesex Superior Court, Massachusetts.

Page 2 of 11

## FACTS

13. In October of 2014, the Plaintiff began working for Defendant D&B in its Waltham, MA office.

14. In April of 2018 the Plaintiff announced to Defendants she anticipated taking a maternity leave.

15. Soon thereafter, the Plaintiff's leadership, including Defendant Hudock, excluded the Plaintiff from communications and negotiations on client X's account.

16. This prompted the Plaintiff to lodge an internal gender/pregnancy discrimination complaint with Human Resources ("HR") in July 2018 because the alleged wrong-doers were male (including but not limited to Defendant Hudock and Defendant McEvoy), and the Plaintiff had good information and belief the basis for removing her from client X's account was not credible.

17. Thereafter, HR informed the Plaintiff it found no evidence to support her claim.

18. Thereafter, the Plaintiff went on maternity leave from July 13, 2018 to November 6, 2018.

19. On or about November 6, 2018, when the Plaintiff returned from maternity leave she inquired about dealings on client Y's account, an account she was primarily responsible for prior to her maternity leave.

20. On or about November 29, 2018, nearly a month after the Plaintiff's inquiry, Defendant Hudock finally emailed the Plaintiff informing her she was removed from client Y's account at the client's request. The Plaintiff, however, has good information and belief this basis is not credible.

Page 3 of 11

21.   Thereafter, on February 11, 2019, the Plaintiff filed a second internal discrimination complaint with HR based on differential treatment; specifically, before and after maternity leave.

22.   On or about February 11, 2019, the Plaintiff also filed a complaint for not getting paid commissions on client Y's account.

23.   The Plaintiff never heard anything from HR in response to her February 11, 2019 discrimination complaint, but HR did inform the Plaintiff she was not entitled to a commission on client Y's account.   The Plaintiff, however, has good reason and belief HR's reasoning is not credible because a male employee received a commission on a similar-like account and circumstance.

24.   On or about August/September 2019, the Plaintiff experienced some interpersonal conflict regarding handling of client Z's account.   Thus, the Plaintiff sought assistance from Defendant Hudock for nearly 3 months to no avail.   Essentially, Defendant Hudock ignored the Plaintiff's requests.

25.   Thus, the Plaintiff was the one trying to bridge the gap between differences of opinion with respect to the handling client Z's account, but after getting no response from her leadership the Plaintiff had a reasonable suspicion Defendant Hudock was undermining and her, especially given the fact that he was responsible for removing the Plaintiff from client X and Y accounts.

26.   On or about November 1, 2019, Defendant Hudock notified the Plaintiff by email she was required to attend a meeting on November 12, 2019, which would address the interpersonal conflict.

Page 4 of 11

27. In response, the Plaintiff asked Defendant Hudock to involve HR in the November 12, 2019 meeting.

28. The Plaintiff believed HRs presence was necessary to ensure transparency as well as to protect her from any hostility.

29. Defendant Hudock denied the Plaintiff's request.

30. Thereafter, the Plaintiff opted not to attend the November 12, 2019 meeting, and informed her leadership of this decision.

31. Thereafter, Defendant Hudock informed HR that he had previously denied the Plaintiff's request for HR's assistance on a different issue in August 2019; and that the Plaintiff again requested HR to be present at the November 12, 2019 meeting.

32. Thereafter, Defendants terminated the Plaintiff for insubordination.

33. Defendants did not question the Plaintiff about her actions prior to terminating her despite knowing that she had made at least two requests for HR's assistance; two internal discrimination complaints; and several complaints for failure to pay commissions.

34. In as far as male comparators, Plaintiff is aware that ED received multiple warnings, but also received intervention and assistance from his leader. ED was not terminated.

35. SS, male, was given one of the client accounts at issue. SS warned the Plaintiff to be worried about her job. When the Plaintiff told Defendant Hudock and Defendant McEvoy about SS's warning, they both assured her she was a great employee, and that SS was incorrect. Further, when SS took over one of the Plaintiff's accounts, he was treated more favorably by leadership despite continuing to institute or employ the Plaintiff's strategic initiatives.

Law Office of Justin M. Murphy
One Boston Place • Suite 2600 · Boston, MA 02108
t (617) 921-8932
jmurphy@murphycounsel.com
BBO# 678142

36. RM, male, was terminated after receiving multiple warnings as compared to no formal warnings for the Plaintiff.

37. DF, male – similar-like situation as RM.

38. In as far as differential treatment with respect to Defendants' denial of commissions owed to the Plaintiff, PM, male, was treated more favorably. For example, PM sold the same type of (SBFE) product to one of the clients at issue for over $1M. Management decided to credit the client, but PM still received a commission payment. This is similar to the Plaintiff's situation, but Defendant never paid a commission to the Plaintiff.

39. In as far as individual liability for Defendant McEvoy, Defendant Hudock, and Defendant Fosko, all these individuals either supervised the Plaintiff; were named in the Plaintiff's internal discrimination and commissions complaints, and/or participated in the adverse actions and/or investigations involving the Plaintiff.

## COUNT I AGAINST DEFENDANT DUN & BRADSTREET
## (Violation of M.G.L. c. 151B, § 4(1) / Disparate Treatment Gender/Sex/Pregnancy Discrimination and Wrongful Termination)

40. Plaintiff hereby realleges and reavers each and every allegation contained in paragraphs 1 through 39 as if specifically set forth herein.

41. Whereas, Defendant Dun & Bradstreet's actions or conduct have violated M.G.L. c. 151B, § 4(1) for treating the plaintiff differently than her similarly-situated co-workers outside the Plaintiff's protected class (female/pregnant). Further, the Defendant failed to take prompt and effective remedial action.

Page 6 of 11

## COUNT II AGAINST DEFENDANT GLENN HUDOCK (INDIVIDUAL CAPACITY)

### (Violation of M.G.L. c. 151B, § 4(1) / Disparate Treatment Gender/Sex/Pregnancy Discrimination and Wrongful Termination)

42. Plaintiff hereby realleges and reavers each and every allegation contained in paragraphs 1 through 41 as if specifically set forth herein.

43. Whereas, Defendant Hudock's actions or conduct have violated M.G.L. c. 151B, § 4(1) for treating the plaintiff differently than her similarly-situated co-workers outside the Plaintiff's protected class (female/pregnant). Further, the Defendant failed to take prompt and effective remedial action.

## COUNT III AGAINST DEFENDANT TOM MCEVOY (INDIVIDUAL CAPACITY)

### (Violation of M.G.L. c. 151B, § 4(1) / Disparate Treatment Gender/Sex/Pregnancy Discrimination and Wrongful Termination)

44. Plaintiff hereby realleges and reavers each and every allegation contained in paragraphs 1 through 43 as if specifically set forth herein.

45. Whereas, Defendant McEvoy's actions or conduct have violated M.G.L. c. 151B, § 4(1) for treating the plaintiff differently than her similarly-situated co-workers outside the Plaintiff's protected class (female/pregnant). Further, the Defendant failed to take prompt and effective remedial action.

## COUNT IV AGAINST DEFENDANT ARLENE FOSKO (INDIVIDUAL CAPACITY)

### (Violation of M.G.L. c. 151B, § 4(1) / Disparate Treatment Gender/Sex/Pregnancy Discrimination and Wrongful Termination)

Law Office of Justin M. Murphy
One Boston Place • Suite 2600 • Boston, MA 02108
t (617) 921-8932
jmurphy@murphycounsel.com
BBO# 678142

46. Plaintiff hereby realleges and reavers each and every allegation contained in paragraphs 1 through 45 as if specifically set forth herein.

47. Whereas, Defendant Fosko's actions or conduct have violated M.G.L. c. 151B, § 4(1) for treating the plaintiff differently than her similarly-situated co-workers outside the Plaintiff's protected class (female/pregnant).  Further, the Defendant failed to take prompt and effective remedial action.

## COUNT V AGAINST DEFENDANT DUN AND BRADSTREET

### (Violation of M.G.L. c. 151B, § 4(4) / Retaliation and Wrongful Termination)

48. Plaintiff hereby realleges and reavers each and every allegation contained in paragraphs 1 through 47 as if specifically set forth herein.

49. Whereas Defendant's actions or conduct have violated M.G.L. c. 151B, § 4(4) by terminating the Plaintiff in retaliation for making a discrimination complaint.

## COUNT VI AGAINST DEFENDANT GLENN HUDOCK / INDIVIDUAL CAPACITY

### (Violation of M.G.L. c. 151B, § 4(4) / Retaliation and Wrongful Termination)

50. Plaintiff hereby realleges and reavers each and every allegation contained in paragraphs 1 through 49 as if specifically set forth herein.

51. Whereas Defendant Hudock's actions or conduct have violated M.G.L. c. 151B, § 4(4) by terminating the Plaintiff in retaliation for making a discrimination complaint.

## COUNT VII AGAINST DEFENDANT TOM MCEVOY / INDIVIDUAL CAPACITY

### (Violation of M.G.L. c. 151B, § 4(4) / Retaliation and Wrongful Termination)

Page 8 of 11

52. Plaintiff hereby realleges and reavers each and every allegation contained in paragraphs 1 through 51 as if specifically set forth herein.

53. Whereas Defendant McEvoy's actions or conduct have violated M.G.L. c. 151B, § 4(4) by terminating the Plaintiff in retaliation for making a discrimination complaint.

## COUNT VIII AGAINST DEFENDANT ARLENE FOSKO / INDIVIDUAL CAPACITY

### (Violation of M.G.L. c. 151B, § 4(4) / Retaliation and Wrongful Termination)

54. Plaintiff hereby realleges and reavers each and every allegation contained in paragraphs 1 through 53 as if specifically set forth herein.

55. Whereas Defendant Fosko's actions or conduct have violated M.G.L. c. 151B, § 4(4) by terminating the Plaintiff in retaliation for complaining about discrimination.

## COUNT IX AGAINST DEFENDANT DUN & BRADSTREET

### (Violation of G.L. c 149 § 148 / Failure to Pay Wages/Commissions)

56. Plaintiff hereby realleges and reavers each and every allegation contained in paragraphs 1 through 55 as if specifically set forth herein.

57. Whereas Defendant Dun & Bradstreet's actions or conduct have violated G.L. c 149 § 148 by not paying commissions to the Plaintiff.

## COUNT X AGAINST DEFENDANT DUN & BRADSTREET

### (Violation of G.L. c. 149 § 148A / Retaliation)

58. The Plaintiff hereby realleges and reavers each and every allegation contained in paragraphs 1 through 57 as if specifically set forth herein.

59. Whereas Defendant Dun & Bradsteet's actions or conduct violated G.L. c 149 § 148A through its adverse employment actions against the Plaintiff.

Law Office of Justin M. Murphy
One Boston Place • Suite 2600 · Boston, MA 02108
t (617) 921-8932
jmurphy@murphycounsel.com
BBO# 678142

## COUNT XI AGAINST DEFENDANT DUN & BRADSTREET

## (Violation of Implied Covenant of Good Faith and Fair Dealing)

60.  The Plaintiff hereby realleges and reavers each and every allegation contained in paragraphs 1 through 59 as if specifically set forth herein.

61.  Whereas Defendant Dun & Bradstreet's actions or conduct violated the Massachusetts Implied Covenant of Good Faith and Fair Dealing through its adverse employment actions against the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court find that the Defendants committed the violations and/or acts as alleged and charged; enter judgment for Plaintiff against Defendants for said violations and/or acts and charges; award back pay compensation damages in an amount to be proven at trial; award commissions in an amount to be proven at trial; award emotional and mental distress damages; punitive damages; grant such other relief as is just and proper, plus pre and post judgment interest, costs, and attorney's fees pursuant to applicable statutes herein.

## JURY DEMAND

The Plaintiff requests a trial by jury.


The Plaintiff specifically reserves her right to plead additional facts and seek additional, alternative, and administrative relief, remedies, and damages as to and against Defendants.

Law Office of Justin M. Murphy
One Boston Place • Suite 2600 · Boston, MA 02108
t (617) 921-8932
jmurphy@murphycounsel.com
BBO# 678142

Respectfully submitted,
MELODIE MANOLOPOULOS
By her attorney

Justin M. Murphy Esq.
BBO#678142
One Boston Place Suite 2600
Boston, MA 02108
Tel. 617.921.8932
jmurphy@murphycounsel.com

DATE: September 15, 2021

Law Office of Justin M. Murphy
One Boston Place • Suite 2600 · Boston, MA 02108
t (617) 921-8932
jmurphy@murphycounsel.com
BBO# 678142



# EXHIBIT B

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 21-2017 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): _Melodie Manolopoulos_

ADDRESS: _____

COUNTY _Middlesex_

DEFENDANT(S): _Dun and Bradstreet ;_ _Colen Hudock; Tom McEvoy ;_ _Arlene Fosko;_

ATTORNEY: _Justin M. Murphy_

ADDRESS: _One Boston Place_ _Suite 2600_ _Boston, MA 02108_

BBO: _678142_

ADDRESS: ~~103 JFK Parkway~~ _610 Lincoln St._ _Waltham, MA 02451_

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

CODE NO. _B22_

TYPE OF ACTION (specify) _Employment_

TRACK _F_

HAS A JURY CLAIM BEEN MADE?
☑ YES ☐ NO

*If "Other" please describe: _Discrimination_

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................. $ _____
2. Total doctor expenses ............................................................... $ _____
3. Total chiropractic expenses ........................................................ $ _____
4. Total physical therapy expenses ................................................... $ _____
5. Total other expenses (describe below) ............................. Subtotal (A): $ _____

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

SEP 15 2021

CLERK

B. Documented lost wages and compensation to date .......................... $ _150 K_
C. Documented property damages to dated ...................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ........... $ _____
E. Reasonably anticipated lost wages .......................................... $ _250 K_
F. Other documented items of damages (describe below) .................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury: (A) (B) _Wrongful termination based on discrimination ; Retaliation ;_ _failure to (2A) pay commissions (2B), Retaliation_

TOTAL (A-F):$ _250K_

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s): _Breach of covenant good faith and fair dealing_

TOTAL: $ _250K_

Signature of Attorney/Pro Se Plaintiff: X _[signature]_          Date: _9/15/21_

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _[signature]_          Date: _9/15/21_

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _2181CV02017_

_Melodie Manolopoulos_ , PLAINTIFF(S),

V.

_Dun and Bradstreet, et. Al_ , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO _Dun and Bradstreet, Inc._ . (Defendant's name)

**You are being sued.**   The Plaintiff(s) named above has started a lawsuit against you.  A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.**  If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint.  You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court, _____ (address), by mail or in person, **AND**

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:_____.

3.  **What to include in your response.**  An **"Answer"** is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.  Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court.  If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer.  Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit.  If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.**  If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

# Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _2181CV02017_

_Melodie Mandopoulos_
_____, PLAINTIFF(S),

V.

_Dunand Bradstreet,_
_et.al_____, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Arlene Fosko_____ . (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you.  A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days**.  If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint.  You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

   a.  Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court, _____ (address), by mail or in person, **AND**

   b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:_____.

3.  **What to include in your response.**  An **"Answer"** is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.  Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court.  If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer.  Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit.  If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.**  If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

# Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _2181CV02017_

Melodie
Manolopoulos _____ , PLAINTIFF(S),

V.
_Dun and Bradstreet, et, al_ _____ , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO _Tom McEvoy_ _____ . (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you.  A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the _Middlesex Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.**  If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint.  You will also lose the
    opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an
    extension of time in writing from the Court.**

2.  **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court,
        _____ (address), by mail or in person, **AND**

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
        address:_____.

3.  **What to include in your response.**  An **"Answer"** is one type of response to a Complaint.  Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court.  If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer.  Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit.  If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.**  If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    www.mass.gov.courts/case-legal-res/rules of court.

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 218CV02017

_Melodie Manolopoulous_
—————————————————, PLAINTIFF(S),

v. _Dun and BRADStreet, et al._
—————————————————, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO ___GlennHudock___ . (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you.  A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the ___Middlesex Superior___ Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**  If you do not respond, the court may decide
   the case against you and award the Plaintiff everything asked for in the complaint.  You will also lose the
   opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect
   to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an
   extension of time in writing from the Court.**

2. **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a
   copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court,
      _____ (address), by mail or in person, **AND**

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
      address: _One Boston Place Suite 2600 Boston, MA 02108_

3. **What to include in your response.**  An **"Answer"** is one type of response to a Complaint.  Your Answer
   must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
   Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
   use them in court.  If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
   based on the same facts or transaction described in the Complaint, then you must include those claims
   in your Answer.  Otherwise, you may lose your right to sue the Plaintiff about anything related to this
   lawsuit.  If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
   Answer or in a written demand for a jury trial that you must send to the other side and file with the
   court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a
   **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion
   to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.**  If
   you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
   described in the rules of the Court in which the complaint was filed, available at
   www.mass.gov.courts/case-legal-res/rules of court.

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2181CV02017 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Manolopoulos, Melodie vs. Dun and Bradstreet | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|

| TO:  File Copy | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                    DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 12/14/2021 |  |
| Response to the complaint filed (also see MRCP 12) |  | 01/13/2022 |  |
| All motions under MRCP 12, 19, and 20 | 01/13/2022 | 02/14/2022 | 03/14/2022 |
| All motions under MRCP 15 | 01/13/2022 | 02/14/2022 | 03/14/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 07/12/2022 |  |  |
| All motions under MRCP 56 | 08/11/2022 | 09/12/2022 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 01/09/2023 |
| Case shall be resolved and judgment shall issue by |  |  | 09/15/2023 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 09/15/2021 | ASSISTANT CLERK Maria Pantos | PHONE (781)939-2772 |
|---|---|---|

Date/Time Printed: 09-15-2021 13:59:46

SCV026\ 08/2018



# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

———————————————————— )
MELODIE MANOLOPOULOS )
)
         Plaintiff, )      Case No.
v. )
)
DUN & BRADSTREET, INC. )
GLENN HUDOCK, TOM MCEVOY and )
ARLENE FOSKO )
)
         Defendants. )
———————————————————— )

### DECLARATION OF RENEE SIMEONE IN SUPPORT OF REMOVAL

I, Renee Simeone, under oath make this affidavit upon personal knowledge and if called to testify, could do so competently to the matters stated herein:

1. I am the Senior Director, Employee Relations for The Dun & Bradstreet Corporation, the parent company of Dun & Bradstreet, Inc. I have worked for The Dun & Bradstreet Corporation for approximately 7 years.

2. Defendant Dun & Bradstreet, Inc. is incorporated in Delaware, and has a principal place of business in New Jersey.

3. Defendant Glenn Hudock (former Dun & Bradstreet, Inc. employee) resides in Pennsylvania.

4. Defendant Tom McEvoy (current Dun & Bradstreet, Inc. employee) resides in New Jersey.

5. Defendant Arlene Fosko (current The Dun & Bradstreet Corporation employee) resides in New Jersey.

Signed under the penalties of perjury this 7th day of October, 2021.

                        /s/ Renee Simeone
                        Renee Simeone

48841399.2